## SOLOMON vs. TARVER.

Where a bill alleged that a testator, by his will, left all of his property to his wife during her life or widowhood, and provided that, at her death or marriage, it should be divided between the complainant and two others, and that his executrix (his wife) should have a right to sell any and all of the property, real or personal, at public or private sale, without any order of the court for that purpose, and that the legatees should have no right to interfere or complain, this did not dispense with the necessity for the executrix to make returns to the ordinary; and where it was further alleged that, at the time she took charge of the estate, it was worth $100,000, and that, by her tax returns at the time of the filing of the bill, it was worth only $24,000, the bill was not demurrable, either for want of equity, or because the other devisees in remainder were not parties thereto. The allegations, though meagre, were sufficient to show that the executrix was mismanaging the estate.

October 28, 1887.

Administrators and Executors. Equity. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

The bill in this case alleged, in brief, as follows: On June 7, 1871, William Solomon executed his will. His

manifest intention was that, while the entire income of his
estate should constitute a fund for the support and main-
tenance of his widow (the defendant) during her life or
widowhood, in addition to which the proceeds of sale of
residence, etc., described in item 3 of the will, were to be
hers absolutely in the event she should sell that property,
still the estate was to be preserved and held for equal dis-
tribution to complainant, Mrs. Mary C. French and Charl·
ton S. Solomon only, unless William A. and Robert H. Sol-
omon, two other children of testator, should comply with
certain conditions set forth in item 7 of the will, which
they failed to do.   Complainant, Mrs. French and Charl-
ton S. are the sole legatees of the entire estate after the
determination of the life estate of defendant.   The testa-
tor expressly forbade the advancement to one legatee of
more than was advanced to another.   He died May 16,
1874, leaving an estate worth $100,000.   Five days later,
the will was probated in common form.   The defendant
was the only one of the executors named who qualified;
she received letters testamentary on June 1, 1874, and has
ever since acted as sole executrix.   On June 27, 1874, the
appraisers of the estate made a return, which is exhibited.
No return has ever been made by or required of the exec-
utrix, the ordinary construing the 9th item of the will as
granting authority to omit such returns.   She has collected
large sums due the estate and received the proceeds of sales
of much of its property, but refuses to inform complain-
ant what has been done with the same.   In violation of
the spirit of the will, she is trying to dispose of the remain-
ing realty and to so convert the estate as that the assets
cannot be traced; and there is an evident purpose on the
part of defendant to defeat complainant, in whole or in
part, of her remainder interest.   On information and be-
lief, it is charged that defendant has advanced to C. S. Sol-
omon largely more than his share of the estate, and pur-
poses to make him further advancements; and that she is
otherwise mismanaging the estate.   The complainant prays

for full discovery, propounding interrogatories in detail; also for injunction, appointment of a receiver, general relief and subpœna.

By amendment, the complainant sets forth a number of sources from which the defendant should have received large amounts for the estate. No payment ever was made to complainant on account of her distributive share, nor, to the best of her information and belief, has any such payment been made to Mrs. French. C. S. Solomon is insolvent, and could not be made to account for the excess of his share which he has received. Of the large amount defendant should have received since she took charge, her tax returns show that none is on hand, such returns showing only $24,000 in real estate, which is the only visible property.

Exhibited to the bill was the will of Solomon, the substance of the material parts of which considered in this case is set out in the decision. The return of the appraisers of the estate also was exhibited.

The defendant made a brief answer, denying any past or present intention to dispose of any portion of the estate and to so convert it that the assets cannot be traced; also any purpose to defeat, in whole or in part, the remainder interest of complainant; also any purpose to do anything with reference to the estate other than as directed in the will; also any advancement to C. S. Solomon of more than his part of the estate, or any intention so to do.

On the hearing of the bill, answer and affidavits submitted by complainant, the chancellor granted an injunction restraining the defendant from making any further advancements to C. S. Solomon out of the estate. Afterward, the defendant demurred to the bill and amendment (1) because C. S. Solomon and the other persons shown by the bill to be interested in its subject-matter should have been made parties; (2) because the allegations were not sufficient to require a discovery from defendant, or to support the prayer for injunction and receiver. This demurrer was overruled, and the defendant excepted.

HOPKINS & GLENN, for plaintiff in error.

CANDLER, THOMSON & CANDLER, for defendant.

BLANDFORD, Justice.

In this case, Mrs. Tarver filed a bill against Mrs. Solomon, who was the executrix of William Solomon, her husband, for discovery, injunction and for a receiver. The bill is very meager in its allegations, but does allege that the inventory of this estate, as returned by the appraisers, showed that at the time Mrs. Solomon took charge of it, it was worth some $100,000; and that by the tax returns of Mrs. Solomon, it is now worth only $24,000. It also sets forth a copy of the will of Mr. Solomon. By that will he gave to his wife all of his property during her life or widowhood, and provided that, at her death or marriage, it should be divided between the complainant in this bill, Mrs. Tarver, Mrs. French, and his son, Charlton Smith Solomon. It is further provided that his executrix (his wife being the only one named as executrix, and no one else having qualified as executor), should have a right to sell any of this property, real or personal, at public or private sale, without any order of the court for that purpose; and that the legatees mentioned should have no right to interfere or complain. But the will does not dispense with the necessity of the executrix's making returns to the ordinary, by any provisions therein, or any implication we can draw from it. The executrix is enjoined by the will to manage the property for the best interests of the testator's children named as his legatees.

Mrs. Tarver was one of the legatees, having an interest in this property after the death of her mother, and she had a right to know the status of the estate in the hands of the executrix; and if the executrix was mismanaging the estate to her detriment, she would have a right to have a receiver appointed to take charge of it and manage it. The court below only granted an injunction.

This bill was demurred to specially by Mrs. Solomon on the ground that Charlton Smith Solomon and Mrs. French were not parties, and upon the further ground that there was no equity in the bill. The court overruled the demurrer, and that is the ground of error alleged. While we think the bill was a very meager one, and that, from the facts set forth in the affidavits to sustain it, stronger allegations could have been made, yet we think there is equity in the bill, and that there is sufficient alleged to show that the executrix is mismanaging the estate. That an estate ran down from $100,000 to $24,000, without more, would seem to indicate some mismanagement on the part of those in charge of it. Hence we think the court did right to overrule the demurrer and retain this bill to the hearing.

Judgment affirmed.